**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:14-cv-20959-KMM

TRACFONE WIRELESS, INC.,

  Plaintiff,

v.

HOLDEN PROPERTY SERVICES,
LLC, *et al.*

  Defendants.

_____/

**ORDER OF DEFAULT FINAL JUDGMENT**
**AND PERMANENT INJUNCTION AGAINST DEFENDANTS**
**HOLDEN PROPERTY SERVICES, LLC, AND PATRICK LAMARSH**

   THIS MATTER came before the Court upon Plaintiff TracFone Wireless, Inc.'s

("TracFone") Motion for Entry of Default Final Judgment and Permanent Injunction, filed on

June 3, 2014, against Defendants Holden Property Services, LLC and Patrick LaMarsh

(collectively, "Defendants"). [ECF No. 26].

   On March 13, 2014, TracFone filed its Complaint for Damages and Demand for Jury

Trial ("Complaint") against Defendants. [ECF No. 1]. On March 24, 2014, Defendants were

served, as evidenced by the returns of service. [ECF Nos. 11, 12]. Pursuant to Federal Rule of

Civil Procedure 12(a)(1)(A), Defendants' Answer to TracFone's Complaint was due on or before

April 14, 2014. Defendants failed to respond to the Complaint by the required date and

TracFone moved for the entry of Clerk's default against Defendants. [ECF No. 13]. The Clerk

entered default against Defendants Holden Property Services and Patrick LaMarsh on April 23,

2014. [ECF No. 15]. By virtue of the default entered in this action, the Court finds that

Defendants have admitted all of the allegations set forth in the Complaint, including the

allegations pertaining to injunctive relief sought by TracFone. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,*561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

Following entry of the Clerk's default, the Court ordered TracFone to file for Final Default Judgment against Defendants. [ECF No. 16]. UPON CONSIDERATION of the Motion, the Complaint, the Declaration of Kevin Wehling [ECF No. 26-1][1], the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1.  TracFone's Motion for Default Final Judgment is GRANTED. Final judgment is entered in favor of Plaintiff Tracfone Wireless, Inc. and against Defendants, Holden Property Services, LLC and Patrick LaMarsh, in the amount of $839,775.00, which shall bear interest at the legal rate, for which let execution issue forthwith.

2.  The Court further finds that Defendants' participation in the Overriding Scheme has caused substantial and irreparable harm to TracFone, and will continue to cause substantial harm to TracFone unless enjoined.

3.  TracFone is entitled to permanent injunctive relief on the claims set forth in the Complaint. A Plaintiff seeking a permanent injunction must demonstrate that: (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by

---

[1] Mr. Wehling is the Fraud Investigations Manager for TracFone, and his declaration discusses the Defendants' improper conduct in their Overriding Scheme and the harm it caused TracFone.

a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, at 391 (2006); *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008). The Court finds that Plaintiff has demonstrated that injunctive relief is appropriate here.

4.      Defendants, and each and all of Defendants' respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, principals, agents, employees, attorneys, accountants, investigators, consultants, and all other persons or entities acting or purporting to act for them or on their behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, parent entities, employees, independent contractors, accountants, attorneys, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants, shall be and hereby are PERMANENTLY ENJOINED from engaging in the unlawful practices described in the Complaint and known therein as the Overriding Scheme.

5.      The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Order and Permanent Injunction.

6.      Any violation of the terms of this injunction may be punishable by a finding of contempt of court.

7.      The prevailing party in any proceeding to enforce compliance with the terms of this injunction shall be entitled to an award of its attorneys' fees and costs incurred thereby.

8.      TracFone is directed to serve a copy of this judgment on each of the Defendants against whom judgment is being entered. TracFone may serve an uncertified copy of this

judgment on these Defendants by FedEx and file a "FedEx delivery confirmation," or other similar proof of service.

9. The Court finds that there is no just reason for delay of the entry of judgment against Defendants, and therefore, pursuant to Fed. R. Civ. P. 54(b), directs the Clerk to enter judgment as set forth herein.

10. Defendants Holden Property Services, LLC and Patrick LaMarsh shall complete and serve upon Plaintiff's counsel Fla. R. Civ. P. Form 1.977 and its required attachments within forty-five (45) days of being served with this judgment. *See*, *e.g*., *American Home Assur. Co. v. Weaver Aggregate Transport, Inc*., --- F.R.D. ----, 2014 WL 1689292 (M.D. Fla. March 19, 2014).

11. The Clerk of Court is directed to CLOSE this case. All pending Motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers in Miami, Florida, this 21st of July, 2014.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE